UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

OSCAR AVELAR, on behalf of himself and others similarly situated,

          *Plaintiff,*

-against-

BEN'S KOSHER DELICATESSEN & RESTAURANT INC., BEN'S RESTAURANT GROUP, INC. and COUNTRY GLEN KOSHER RESTAURANT, INC.,

          *Defendants,*

------------------------------------------------------------------------X

Case No.: 18-cv-1479

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) and RULE 23 CLASS ACTION**

OSCAR AVELAR ("Plaintiff"), by and through his attorneys, FRANK & ASSOCIATES, P.C., brings this Complaint against Defendants BEN'S KOSHER DELICATESSEN & RESTAURANT INC., BEN'S RESTAURANT GROUP, INC. and COUNTRY GLEN KOSHER RESTAURANT, INC. (collectively, "Defendants"), and respectfully alleges as follows:

## INTRODUCTION

1. Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, and that he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) liquidated damages, (c) pre-judgment and post-judgment interest and (d) attorneys' fees as a result of Defendants' failure to properly notify Plaintiff that they were taking a "tip credit" towards Plaintiff's wage.

2. Plaintiff also alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) liquidated damages, (c) pre-judgment and post-judgment interest and (d) attorneys' fees and costs as a result of Defendants' failure to provide Plaintiff with notice pursuant to 12 NYCRR § 146-1.3 that they were taking a "tip credit" towards Plaintiff's wage.

3. Plaintiff additionally alleges that, pursuant to 12 NYCRR § 146-1.7, he is entitled to recover weekly uniform maintenance pay because Defendants required Plaintiff to purchase his own uniforms and failed to reimburse him for the cost.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over all federal law claims pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the claims herein occurred in Nassau County, New York.

## PARTIES

6. Plaintiff Oscar Avelar is a resident of the State of New York who resides in the County of Nassau.

7. At all times relevant to the Complaint, Plaintiff Oscar Avelar was an "employee" within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(2).

8. Upon information and belief, Defendant Ben's Kosher Delicatessen & Restaurant Inc. was and still is a domestic business corporation incorporated under the laws of the State of New York with a primary place of business at 140 Wheatley Plaza, Greenvale, New York 11548.

9. At all times relevant to the Complaint, Defendant Ben's Kosher Delicatessen & Restaurant Inc. was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

10. Upon information and belief, Defendant Ben's Restaurant Group, Inc. was and still is a domestic business corporation incorporated under the laws of the State of New York with a primary place of business at 209 West 38th Street, New York, New York 10018.

11. At all times relevant to the Complaint, Defendant Ben's Restaurant Group, Inc. was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

12. Upon information and belief, Defendant Country Glen Restaurant, Inc. was and still is a domestic business corporation incorporated under the laws of the State of New York with a primary place of business at 500 North Broadway, Suite 249A, Jericho, New York 11753.

13. At all times relevant to the Complaint, Defendant Country Glen Restaurant Group, Inc. was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

14. Defendants own and operate seven (7) delicatessen and restaurants, six (6) of which are located in the State of New York.

15. At all times relevant to the Complaint, Defendants were and are "an enterprise engaged in interstate commerce" within the meaning of the FLSA.

16. At all times relevant to the Complaint, Defendants have and have had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. At all times relevant to the Complaint, Defendants have and have had annual gross volume of sales in excess of $500,000.

**FACTUAL ALLEGATIONS**

18. From September 27, 2008 until November 19, 2017, Plaintiff worked for Defendants as a busboy at their deli and restaurant located at 59 Old Country Road, Carle Place, NY 11514.

19. Plaintiff regularly worked from 11:00 AM to 5:00 PM on Tuesdays and Wednesdays, 11:00 AM to 9:00 PM on Thursdays, 12:00 PM to 10:00 PM on Fridays and 12:00 PM to 9:00 PM on Sundays, for a total of approximately forty-one (41) hours per week.

20. Throughout his employment with Defendants, Plaintiff was paid an hourly wage by Defendants and received an additional amount in tips.

21. From the start of his employment until approximately January 2016, Plaintiff was paid five dollars ($5.00) per hour plus tips. From approximately January 2016 until the end of his employment on November 19, 2017, Plaintiff was paid seven dollars and fifty cents ($7.50) per hour plus tips.

22. As Plaintiff received tips, Defendants paid Plaintiff an hourly rate below the minimum wage, effectively taking a "tip credit" towards the minimum wage. However, Defendants failed entirely to notify Plaintiff of the existence of the "tip credit" in the manner required under federal or state law.

23. Defendants did not provide Plaintiff with a statement with every payment of wages listing allowances claimed as part of a minimum wage. Nor did Defendants provide Plaintiff with written notice, in English and in his primary language of Spanish, of his regular hourly pay rate, overtime hourly pay rate, the amount of the tip credit to be taken from the basic minimum hourly rate and the regular payday in a form signed by Plaintiff.

24. Indeed, Defendants failed to inform Plaintiff in any manner, either orally or in writing, that they were taking a "tip credit" towards the minimum wage.

25. As a result of Defendants' failure to follow the dictates of either federal or state law, Defendants paid Plaintiff at a rate substantially below the minimum wage throughout the course of his employment.

26. Plaintiff's subminimum wage was yet further impacted by Defendants' failure to provide weekly uniform maintenance pay required under state law.

27. Plaintiff was obligated, as part of his employment, to wear a uniform which included a white t-shirt with Defendants' logo imprinted upon it.

28. Plaintiff was required to purchase these t-shirts, at a rate of fifteen dollars ($15) per shirt and Defendants did not reimburse him for the cost.

29. Defendants did not provide washing services for Plaintiff nor did Defendants pay for the weekly maintenance of these uniform shirts at the rate set by 12 NYCRR § 146-1.7.

## COLLECTIVE ACTION CLAIMS

30. Plaintiff brings his FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of all similarly situated non-exempt persons who are or were employed by Defendants within three years from the filing of this Complaint ("FLSA Collective").

31. At all relevant times, Plaintiff, and other members of the FLSA Collective, have had substantially similar job requirements and pay provisions.

32. At all relevant times, Plaintiff and other members of the FLSA Collective, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing to provide proper notice that they were taking a tip credit against the minimum wage.

33. The claims of Plaintiff stated herein are similar to those of the Defendants' other employees.

34. The FLSA Collective is readily identifiable and locatable through the use of Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice the FLSA

Collective, who have been unlawfully deprived of minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld by Defendants.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings his NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated non-exempt employees of Defendants who were not given proper notice of a "tip credit" towards the minimum wage and therefore were not paid at least minimum wage as well as those employees who were not provided with weekly uniform maintenance pay and did not receive accurate wage statements.

36. Plaintiff is a member of the Class he seeks to represent.

37. Plaintiff reserves the right to amend the Class definition based on discovery.

**Efficiency of Class Prosecution of Class Claims**

38. Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff, who have been underpaid in violation of the FLSA and NYLL. The named Plaintiff is a representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

39. Certification of this class is the most efficient and economical means of resolving questions of law and fact that are common to Plaintiff and members of the proposed class.

40. Plaintiff's individual claims and their resolution will resolve the common questions of the proposed class.

41. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the

present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of the efforts and expense that numerous individual actions would engender. The adjudication of individual litigation claims would result in a great expenditure of court and public resources. However, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by the individual Rule 23 Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Additionally, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**Numerosity and Impracticability of Joinder**

42. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

43. The Rule 23 Class Members are readily ascertainable. For the purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

44. Unless the Court promptly issues such notice, persons similarly situated to Plaintiff, who have been unlawfully deprived of minimum wages in violation of the FLSA and NYLL and additionally deprived of uniform maintenance pay, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

45. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

**Common Questions of Law and Fact**

46. The adjudication of Plaintiff's claims will directly result in the adjudication of numerous questions of law and fact common to the members of the proposed class.

47. These common issues include, but are not limited to: (a) whether Defendants provided proper notice of a "tip credit"; (b) whether Defendants unlawfully failed to pay minimum wage under the NYLL; (c) whether Defendants required Plaintiff and the Rule 23 Class to purchase their own uniforms for which they were not reimbursed; (d) whether Defendants failed to pay a weekly uniform maintenance fee; (e) whether Defendants failed to provide accurate wage statements, listing, *inter alia*, allowances claimed as part of the minimum wage; (f) the nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the class; and (g) whether Defendants' general practice of failing and/or refusing to pay Plaintiff and the Rule 23 Class proper compensation was done willfully or with reckless disregard of the federal and state wage and hour laws.

48. The policies, procedures, and practices implemented by Defendants were applied to all members of the proposed class.

49. The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiffs' claims are typical of those claims which could be alleged by any member of

the Rule 23 Class, and the relief sought is typical of the relief which would be sought by each member of the proposed class in separate actions.

50. Plaintiff seeks the following relief for his individual claims and for the claims of the proposed class: (1) unpaid minimum wages for all hours worked, (2) weekly uniform maintenance pay, (3) an equal amount of liquidated damages and (4) statutory damages for Defendants' violations of NYLL § 195(3).

**Adequacy of Representation**

51. Plaintiff's interests are akin to those of the members of the proposed class.

52. Plaintiff is willing and able to represent the members of the proposed class and will fairly and adequately represent and protect the interest of the Rule 23 Class.

53. Plaintiff has retained counsel competent and experienced in complex class actions in labor and employment litigation for over fifty (50) years. Plaintiff's counsel can competently litigate the individual and class claims sufficiently to satisfy Rule 23(a)(4) of the Federal Rules of Civil Procedure.

<u>**FIRST CAUSE OF ACTION**</u>
**Failure to Pay Minimum Wage in Violation of the FLSA**
**(On Behalf of Plaintiff and the FLSA Collective)**

54. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

55. Defendants knowingly and willfully paid Plaintiff and other similarly situated employees a subminimum wage in reliance on a "tip credit" towards the minimum wage.

56. Defendants knowingly and willfully failed to notify Plaintiff and other similarly situated employees that they were taking a "tip credit" towards the minimum wage, as required by 29 U.S.C. § 203(m).

57. By failing to provide said notice, Defendants willfully violated the FLSA, knowingly and intentionally failing to pay Plaintiff and other similarly situated employees at least the minimum wage prior to January 2016.

58. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

59. Due to Defendants' violations of the FLSA, Plaintiff and other similarly situated employees are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wage in Violation of the NYLL
### (On Behalf of Plaintiff and the Rule 23 Class)

60. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

61. Defendants knowingly and willfully paid Plaintiff and the Rule 23 Class a subminimum wage in reliance on a "tip credit" towards the minimum wage.

62. Prior to April 9, 2011, Defendants were required by 12 NYCRR § 137-2.2 to provide Plaintiff and the Rule 23 Class a statement with every payment of wages listing allowances claimed as part of the minimum wage in order to take a "tip credit."

63. Beginning on April 9, 2011, Defendants were required by 12 NYCRR § 146-1.3 to provide Plaintiff and the Rule 23 Class with written notice in the manner set forth in 12 NYCRR § 146-2.2 in order to take a "tip credit."

64. By failing to provide said notice under either 12 NYCRR § 137-2.2 or 12 NYCRR § 146-2.2, Defendants willfully violated the NYLL, knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class at least the minimum wage.

65. Due to Defendants' violations of the NYLL and its supporting regulations, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### Failure to Pay Uniform Maintenance Pay in Violation of the NYLL
### (On Behalf of Plaintiff and the Rule 23 Class)

66. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

67. Defendants knowingly and willfully required Plaintiff and the Rule 23 Class to purchase their own uniforms without reimbursing them for the cost.

68. As Defendants failed to provide Plaintiff and the Rule 23 Class with the required uniforms or reimburse them for the cost of those uniforms, Defendants were required by 12 NYCRR 146-1.7 to pay a weekly uniform maintenance fee to Plaintiff and the Rule 23 Class, but did not do so.

69. Due to Defendants' violations of the NYLL and its supporting regulations, Plaintiff and the Rule 23 Class are entitled to recover from Defendants the mandated weekly uniform maintenance allowance, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
**Failure to Provide Accurate Wage Statements in Violation of NYLL § 195(3)**
**(On Behalf of Plaintiff and the Rule 23 Class)**

70. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

71. Defendants failed to provide Plaintiff and the Rule 23 Class with an accurate statement of, *inter alia*, allowances claimed as part of the minimum wage in violation of NYLL § 195(3).

72. Defendants' violations of the NYLL and its supporting regulations entitled Plaintiff and the Rule 23 Class to recover damages of $250 per work day, up to a maximum of $5,000, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. Unpaid minimum wages, and an additional equal amount as liquidated damages, plus interest at the statutory compounded rate of 9% per annum pursuant to New York Labor Law;

B. Unpaid uniform maintenance pay, and an additional equal amount as liquidated damages, plus interest at the statutory compounded rate of 9% per annum pursuant to New York Labor Law;

C. An award of civil penalties as a result of Defendants' violations of the New York Labor Law's notice provisions pursuant to NYLL § 198(1-d);

D. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act and the New York Labor Law;

E. All reasonable attorneys' fees and costs incurred in prosecuting these claims; and

F. Such other relief as this Court deems just and proper.

Dated: March 9, 2018  **FRANK & ASSOCIATES, P.C.**
      Farmingdale, New York

_____
Neil M. Frank, Esq.
Joseph Myers, Esq.
500 Bi-County Blvd., Suite 465
Farmingdale, New York 11735
Tel: (631) 756-0400
Fax:(631) 756-0547
nfrank@laborlaws.com
jmyers@laborlaws.com

*Attorneys for Plaintiff*